The Honorable Jim Holt State Senator 2835 South 56th St. Springdale, AR 72762-0844
Dear Senator Holt:
You have requested my opinion concerning certain website material that has been excerpted from a number of books in the Fayetteville public school libraries. You report that many feel that the material is pornographic and obscene and unfit for children. You have asked that I review the material and opine whether any of it violates any applicable state law. Specifically, you request that I provide you with an opinion as to whether any of the material "violates Arkansas Code Annotated5-27-304, 5-27-403, 5-27-602, or any other applicable state law that governs the display of pornographic or obscene material which involves a minor."
RESPONSE
The determination of whether the Fayetteville public schools' circulation of this material violates Arkansas law will necessarily involve questions of fact for a court or a properly-instructed jury. I am limited in my ability to evaluate such matters because I am not authorized to undertake the sort of factual inquiry that such a determination entails. It must also be recognized that original enforcement of the criminal laws is invested in the local prosecuting attorney, who must weigh the attendant facts and make charging decisions. While I appreciate that it may seem self-evident from these sexually explicit excerpts that the material is harmful to minors and thereby rendered unlawful, I can only note that based upon the excerpts, I believe the question would most likely involve analysis under A.C.A. § 5-68-501—503, which makes it unlawful to display or disseminate certain sexually explicit material to minors.
Arkansas Code Annotate Sections 5-68-501 and -502 provide in relevant part as follows:
 It shall be unlawful for any person, including, but not limited to, any persons having custody, control, or supervision of any commercial establishment, to knowingly:
 (1)(A) Display material which is harmful to minors in such a way that minors, as a part of the invited general public, will be exposed to view such material.
 (B) Provided, however, a person shall be deemed not to have displayed material harmful to minors if the lower two-thirds (2/3) of the material is not exposed to view and segregated in a manner that physically prohibits access to the material by minors; or
 (2)(A) Sell, furnish, present, distribute, allow to view, or otherwise disseminate to a minor, with or without consideration, any material which is harmful to minors.
A.C.A. § 5-68-502 (Supp. 2003) (emphasis added).
 "Harmful to minors" means that quality of any description, exhibition, presentation, or representation, in whatever form, of nudity, sexual conduct, sexual excitement, or sadomasochistic abuse, when the material or performance, taken as a whole, has the following characteristics:
 (A) The average person eighteen (18) years of age or older applying contemporary community standards would find that the material or performance has a predominant tendency to appeal to a prurient interest in sex to minors;
 (B) The average person eighteen (18) years of age or older applying contemporary community standards would find that the material or performance depicts or describes nudity, sexual conduct, sexual excitement, or sadomasochistic abuse in a manner that is patently offensive to prevailing standards in the adult community with respect to what is suitable for minors; and
 (C) The material or performance lacks serious literary, scientific, medical, artistic, or political value for minors[.]
A.C.A. § 5-68-501(2) (Supp. 2003).
The term "minor" is defined under the statute as "any person under the age of eighteen (18) years[.] Id. at (7).
"Sexual conduct" means "acts of masturbation, homosexuality, sexual intercourse, or physical contact with a person's clothed or unclothed genitals, pubic area, buttocks, or female breast[.] Id. at (13).
"Sexual excitement" means "the condition of the human male or female genitals when in a state of sexual stimulation or arousal." Id. at (14).
Violation of the subchapter is a Class B misdemeanor. Acts 2005, No. 1994, § 382 (amending A.C.A. § 5-68-303 to state that "Any person violating any provision of this subchapter shall be guilty of a Class B misdemeanor.")
The above-quoted provisions of Arkansas law provide you with the guidelines by which an Arkansas court will evaluate any materials under consideration. I have set out these provisions because in my view this is the body of law most likely implicated by your question concerning the particular material that has been excerpted from books that are currently in the Fayetteville public school libraries.[1] The Arkansas Supreme Court has observed that the definition of "harmful to minors" under A.C.A. § 5-68-501 reflects the definition of obscenity adopted by the United States Supreme Court in Miller v. California, 413 U.S. 15 (1973).Shipley, Inc. v. Long, No. 04-136 (Ark.Sup.Ct. Oct. 21, 2004). A court faced with the issue would evaluate the material in question upon the basis of this definition, which is interpreted by the courts to require a review of the whole publication. See Shipley, supra (quoting a Virginia court's observation that "[a] publication must be judged for obscenity as a whole . . . and not on the basis of isolated passages."). Commonwealthv. American Booksellers Assn'n, Inc., 236 Va. 175, 372 S.E.2d 618
(1988). See also generally Roth v. United States, 354 U.S. 476, 489
(1957). The question is highly factual and only subject to conclusive determination by a jury, in light of all of the attendant information.See Miller, supra at 30. The court in Miller commented that "[t]he first two prongs of the tripartite test, `prurient interest' and `patently offensive,' [see A.C.A. § 5-68-501(2)(A) and (B), supra) are purely questions of fact for determination by a properly-instructed jury." Id.
The court also observed that the third prong (the so-called "lack of serious merit" provision) is a mixed question of law and fact. Id.
It should perhaps also be noted with regard, specifically, to the word "display," as set out in § 5-27-502(1)(A), supra, that as interpreted inShipley, the "display" provision encompasses books that are placed on the shelves, regardless of their covers. Thus, the court concluded:
 [I]f `material harmful to minors' is shelved on a bookshelf, even without some other effort made to draw attention to it, it is `displayed' within the meaning of the statute. Even if a book only has `harmful' content, but not a `harmful' cover, the bookseller could still be subject to prosecution if that book were not obstructed from view and physically segregated.
Shipley, Inc. v. Long, supra.
In conclusion, it is my opinion that A.C.A. §§ 5-68-501—503 might be invoked as support for prohibiting the Fayetteville public schools from displaying or providing to minors the books from which this material is excerpted if the factfinder determines that such books are "harmful to minors" as defined in these laws. This requires a factual determination that is not within the scope of an opinion from this office. See, e.g.,
Op. Att'y Gen. Nos. 1997-404, 1996-260, and 1989-278.
While I am therefore unable to conclusively opine in response to your particular question, the foregoing analysis provides a general framework for evaluating the specific circumstances at issue.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:EAW/cyh
[1] It is not immediately apparent to me that any one of the particular statutes you have cited, A.C.A. §§ 5-27-304, -403, or -602, is implicated in this instance.